IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL GOFF,
        Plaintiff,

v.

CV 07-3092-PK

OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner of
Social Security,
        Defendant.

PAPAK, Magistrate Judge:

On December 13, 2007, this action was filed *in forma pauperis* by plaintiff Michael Goff against defendant Michael J. Astrue, the Commissioner of the Social Security Administration, alleging the Commissioner's liability for assault, libel, and slander. Goff's complaint is incoherent in the extreme, and cannot reasonably be interpreted to recite facts that bear any relationship to the three causes of action alleged. No jurisdictional basis is alleged, and this court finds that none pertains.

Page 1 - OPINION AND ORDER

Now before the court is the Commissioner's motion to dismiss (#12). As set forth below, the Commissioner's motion, arguing lack of subject-matter jurisdiction due to Goff's alleged failure to exhaust applicable administrative remedies, is premised on an unjustified construction of Goff's complaint. As set forth in greater detail below, there is no basis for concluding that any of Goff's several claims is subject to a jurisdictional exhaustion requirement. The Commissioner's motion is therefore denied.

Notwithstanding the foregoing, this court is mindful of its statutory obligation to dismiss *sua sponte* actions over which it lacks subject-matter jurisdiction. Because this court lacks federal question, diversity, or other jurisdiction over Goff's asserted causes of action, Goff's claims are dismissed in their entirety.

## APPLICABLE LEGAL STANDARDS

### I.   Motion to Dismiss

To survive dismissal for failure to state a claim pursuant to Rule 12(b), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" specifically, it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ---, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id., quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004); *see also* Fed. R. Civ. P. 8(a).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

Page 2 - OPINION AND ORDER

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007). Moreover, the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256 (1994), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court need not, however, accept legal conclusions "cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). That is, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Karim-Panahi*, 839 F.2d at 623-624; *Noll v. Carlson*, 809 F. 2d 1446, 1448 (9th Cir. 1987); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).

## II. *Sua Sponte* Dismissal for Lack of Subject-Matter Jurisdiction

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction").

## FACTUAL BACKGROUND

Goff's complaint recites a litany of troubles faced by Goff from the 1960s to the present. None of these appear to be attributed or attributable to the Commissioner or to the Social Security Administration, other than as expressed in statements alleging either the failure to modify Goff's address of record on request, the unrequested modification of his address of record, or both. The complaint does not allege in a coherent fashion any factual basis underlying Goff's asserted claims for assault, libel, or slander.

## ANALYSIS

### I.     The Commissioner's Motion to Dismiss

The Commissioner moves to dismiss Goff's claim on the ground that Goff has failed to exhaust applicable administrative remedies, a jurisdictional requirement for civil actions seeking judicial review of any decision of the Commissioner. The Commissioner construes Goff's claim as seeking "judicial review of a July 1976 notice of termination of benefits under Title XVI of the Social Security Act." However, the Commissioner's construal is unreasonable, being without foundation in the language of Goff's complaint.

As noted above, Goff does not request that this court review the Commissioner's 1976 decision to terminate Social Security benefits, nor indeed any other decision or action taken by the Commissioner or by the Social Security Administration. To the contrary, the complaint is styled as one stating claims for assault, libel, and slander. These are not causes of action for which a non-incarcerated person may be required to establish exhaustion of administrative remedies. The Commissioner's motion is therefore denied.

## II.  *Sua Sponte* Dismissal for Lack of Subject-Matter Jurisdiction

Goff's complaint contains no cause of action arising under, or that contains any reference to, any federal statute or the Constitution[1]. In consequence, this court lacks federal question jurisdiction over Goff's claims for assault, libel, and slander. Moreover, Goff's demand for $100 in damages fails to reach the threshold for establishing diversity jurisdiction. *See* 28 U.S.C. § 1332; *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977). Finally, the statute conferring jurisdiction on the district courts to review the Social Security Administration's administrative decisions is wholly inapplicable to Goff's asserted claims. *See* 42 U.S.C. § 405(g). Accordingly, this court lacks subject-matter jurisdiction over Goff's claims.

As noted above, Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions*, 505 F.2d at 280. Goff's claims are therefore dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to dismiss for failure to exhaust administrative remedies (#12) is denied. Nevertheless, for reasons likewise set forth

///

---

[1] Federal law criminalizes assault only under narrowly defined circumstances not present here, including assault on certain officers or employees of the United States or foreign officials, assault taking place within federal maritime or territorial jurisdiction, and certain classes of domestic assault by repeat offenders. *See* 18 U.S.C. §§ 111-117. Goff's complaint contains no allegation suggesting that any of these circumstances is or could be present here. Federal law does not criminalize defamation.

Page 5 - OPINION AND ORDER

above, this court *sua sponte* dismisses each of Goff's claims for lack of subject-matter jurisdiction. A judgment dismissing Goff's claims without prejudice will be prepared.

Dated this 3rd day of June, 2008.

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge